IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01434-BNB

SHAWN M. REEVES,

    Applicant,

v.

TRAVIS TRANI, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 1 0 2009

GREGORY C. LANGHAM
                  CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Applicant Shawn M. Reeves is a prisoner in the custody of the Colorado Department of Corrections at the Limon Correctional Facility in Limon, Colorado. Mr. Reeves initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction and sentence in Fremont County District Court case number 03CR397. In an order filed on June 26, 2009, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses. On July 9, 2009, Respondents filed their Pre-Answer Response. Although Mr. Reeves was given an opportunity to file a reply to the Pre-Answer Response, he has not done so.

The Court must construe the application liberally because Mr. Reeves is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the application in part.

Mr. Reeves agreed to plead guilty to one count of second degree kidnaping. Prior to sentencing, he filed a motion to withdraw his guilty plea. The trial court denied Mr. Reeves' motion to withdraw his guilty plea and he was sentenced to twenty-five years in prison and five years of mandatory parole. On direct appeal, the Colorado Court of Appeals affirmed the order denying Mr. Reeves' motion to withdraw his guilty plea and dismissed his appeal with respect to his sentence. **See People v. Reeves**, No. 05CA0073 (Colo. Ct. App. Aug. 10, 2006). On November 27, 2006, the Colorado Supreme Court denied Mr. Reeves' petition for writ of certiorari on direct appeal.

Mr. Reeves alleges that on March 21, 2007, he filed a motion for reconsideration of his sentence that the trial court denied on March 28, 2007. He further alleges that he did not appeal the trial court's March 28, 2007, order.

Mr. Reeves alleges that on July 11, 2007, he filed in the trial court a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. On September 5, 2007, the trial court denied the Rule 35(c) motion without a hearing and on January 15, 2009, the Colorado Court of Appeals affirmed the denial of the Rule 35(c) motion.

In the instant action, which the Court received for filing on June 9, 2009, Mr. Reeves asserts three claims for relief. He first claims that his constitutional right to due process was violated because he was coerced into pleading guilty and was not allowed

2

to withdraw the plea. In his second claim for relief, Mr. Reeves contends that his sentence includes a prison term in the aggravated range in violation of ***Blakely v. Washington***, 542 U.S. 296 (2004). Mr. Reeves finally claims that he was denied due process when the trial court denied the ineffective assistance of counsel claims he raised in his Rule 35(c) motion without a hearing.

Before addressing the affirmative defense raised by Respondents in their Pre-Answer Response, the Court will address Mr. Reeves' third claim for relief. The Court finds that the third claim in the application must be dismissed because the facts Mr. Reeves alleges in support of that claim do not state a cognizable federal constitutional claim. There is no federal constitutional right to postconviction review in the state courts. ***See Pennsylvania v. Finley***, 481 U.S. 551, 557 (1987). Therefore, a claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim." ***Sellers v. Ward***, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also* ***Steele v. Young***, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding").

Mr. Reeves alleges in his third claim for relief that he was denied due process because the trial court denied his Rule 35(c) motion without a hearing. The fact that the Rule 35(c) motion was denied without a hearing relates solely to state court postconviction proceedings and does not challenge the judgment of conviction that

provides the basis for Mr. Reeves' incarceration. Therefore, Mr. Reeves may not raise the third claim for relief in this habeas corpus action.

Respondents concede in their Pre-Answer Response that this action is timely and that Mr. Reeves exhausted his first claim for relief challenging the validity of his guilty plea. However, Respondents argue that Mr. Reeves failed to exhaust state remedies with respect to his second claim for relief challenging his aggravated-range sentence under *Blakely*.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary

to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents maintain that Mr. Reeves failed to exhaust state remedies for his *Blakely* claim because the *Blakely* claim was raised only in the trial court in the postconviction motion for sentence reconsideration and was not presented fairly to the Colorado appellate courts. Mr. Reeves asserts in the application that he raised the *Blakely* claim in his postconviction motion for sentence reconsideration and that he did not appeal from the denial of that motion. As noted above, Mr. Reeves has not filed a reply to Respondents' Pre-Answer Response. Nevertheless, the Court has examined the state court appellate briefs submitted by Respondents with their Pre-Answer Response and agrees that Mr. Reeves did not raise a claim pursuant to *Blakely* either on direct appeal or on appeal from the denial of his Rule 35(c) motion. As a result, the Court finds that the *Blakely* claim is not exhausted.

Although Mr. Reeves failed to exhaust state remedies for his *Blakely* claim, the Court may not dismiss the *Blakely* claim for failure to exhaust state remedies if Mr. Reeves no longer has an adequate and effective state remedy available to him. *See*

*Castille*, 489 U.S. at 351. The Colorado Rules of Criminal Procedure prohibit successive postconviction Rule 35 motions with limited exceptions that are not applicable to Mr. Reeves' unexhausted *Blakely* claim. See Colo. R. Crim. P. 35(c)(3)(VI) & (VII). Therefore, the Court further finds that the *Blakely* claim is procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Reeves' *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Mr. Reeves fails to demonstrate either cause and prejudice for his procedural default or that a failure to consider his *Blakely* claim will result in a fundamental miscarriage of justice. Therefore, the Court finds that the *Blakely* claim is procedurally barred and must be dismissed.

In summary, Respondents concede that Mr. Reeves' first claim is timely and exhausted. The Court will dismiss Mr. Reeves' second claim for relief as procedurally barred. The Court will dismiss Mr. Reeves' third claim for relief because it does not raise a federal constitutional issue. Finally, the Court has completed its review pursuant

to D.C.COLO.LCivR 8.2C and the case will be drawn to a district judge and to a magistrate judge. See D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that Applicant's second claim for relief is dismissed as procedurally barred and his third claim for relief is dismissed for failure to state a federal constitutional claim. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 9 day of Sept., 2009.

BY THE COURT:

/s/ Zita Weinshienk
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01434-BNB

Shawn M. Reeves
Prisoner No. 124223
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

Melissa D. Allen
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9/10/09

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk