**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 09-cv-01434-REB

SHAWN M. REEVES,

    Applicant,

v.

TRAVIS TRANI, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

**ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS**

---

**Blackburn, J.**

This matter is before me on the *pro se* **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** ("Application") [#2][1] filed on June 19, 2009, by Applicant Shawn M. Reeves. Respondents have filed an **Answer to Application for Writ of Habeas Corpus** ("Answer") [#16] and Applicant has filed a **Reply to the Answer to Application for Writ of Habeas Corpus** ("Traverse") [#22].

I must construe the Application and other papers filed by Applicant liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

After reviewing the pertinent portions of the record in this case, including the

---

[1] "[#2] is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

Application, the Answer, the Traverse, and the state court record [#26], I conclude that the Application should be denied.

## I.  BACKGROUND

Applicant was charged in the District Court of Fremont County, Colorado, in case number 03CR397 with two counts of second degree kidnaping, false imprisonment, two counts of menacing, third degree assault, second degree assault, intimidating a witness, two counts of tampering with a witness, criminal solicitation to commit murder, and domestic violence.  Applicant ultimately agreed to plead guilty to one count of second degree kidnaping in exchange for dismissal of all other charges.  The plea agreement provided also that Applicant would be sentenced to no more than twenty-five years in prison and five years of mandatory parole.

After his providency hearing and prior to sentencing, Applicant filed a motion to withdraw his guilty plea.  At sentencing, the trial court denied Applicant's motion to withdraw the guilty plea and sentenced Applicant to twenty-five years in prison and five years of mandatory parole.

Applicant appealed both the order denying his motion to withdraw his guilty plea and the sentence imposed.  The Colorado Court of Appeals affirmed the order denying Applicant's motion to withdraw his guilty plea and dismissed his appeal with respect to his sentence.  **See People v. Reeves**, No. 05CA0073 (Colo. App. Aug. 10, 2006) (unpublished decision) [#16-3].  On November 27, 2006, the Colorado Supreme Court denied Applicant's petition for writ of certiorari on direct appeal [#16-5].

On March 21, 2007, Applicant filed a motion for reconsideration of his sentence

that was denied by the trial court on March 28, 2007.  Applicant did not appeal the trial court's March 28, 2007, order.

On July 11, 2007, Applicant filed in the trial court a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure.  On September 5, 2007, the trial court denied the Crim. P. 35(c) motion without a hearing. That order was affirmed on appeal.  **See People v. Reeves**, No. 07CA2079 (Colo. App. Jan. 15, 2009) (unpublished decision) [#16-10].

## II.  FEDERAL COURT PROCEEDINGS

In this court, Applicant asserts three claims for relief.  During the initial review of the Application, Senior Judge Zita Leeson Weinshienk entered an order [#11] dismissing Applicant's second claim as unexhausted and procedurally barred.  Judge Weinshienk also dismissed Applicant's third claim because that claim did not raise a cognizable federal constitutional issue.  Therefore, only Applicant's first claim for relief remains to be considered.  Applicant asserts in his first claim that his right to due process was violated because he was coerced into pleading guilty and that he was not allowed to withdraw the guilty plea.

Respondents concede that this action is timely.  However, Respondents argue that Applicant's remaining claim challenging the validity of his guilty plea should be dismissed both because the claim is unexhausted and procedurally barred and because the claim lacks merit.  Respondents also raise various arguments in their Answer relevant to Applicant's second and third claims for relief.  I need not address any arguments relevant to Applicant's second and third claims for relief because those

claims have been dismissed already.

### III. EXHAUSTION AND PROCEDURAL DEFAULT

Pursuant to 28 U.S.C. § 2254(b)(1), I may not grant the Application if Applicant has not exhausted state remedies unless no adequate state remedies are available or effective to protect Applicant's rights. **See O'Sullivan v. Boerckel**, 526 U.S. 838 (1999); **Dever v. Kan. State Penitentiary**, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. **See Castille v. Peoples**, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." **Dever**, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. **Picard v. Connor**, 404 U.S. 270, 278 (1971); **see also Nichols v. Sullivan**, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," **Picard**, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." **Anderson v. Harless**, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. **See Duncan v. Henry**, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." **Hernandez v. Starbuck**, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing

a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. **See *Miranda v. Cooper***, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents, through counsel, previously conceded that Applicant's remaining claim challenging the validity of his guilty plea is exhausted. (**See** [#10] at p.7.) This concession constitutes an express waiver of the exhaustion requirement. **See** 28 U.S.C. § 2254(b)(3); ***Gonzales v. McKune***, 279 F.3d 922, 926 & n.8 (10th Cir. 2002) (en banc) (finding that the State expressly waived the exhaustion requirement by admitting that the petitioner properly exhausted the issues he was raising). However, Respondents' express waiver of the exhaustion requirement does not end the exhaustion discussion because, in his Traverse, Applicant presents a new allegation in support of his claim challenging the validity of his guilty plea that was not asserted in the Application.

In his Traverse, Applicant challenges the validity of his guilty plea on the ground that he was mentally ill at the time he entered the guilty plea, which means that Applicant "may have had difficulty processing information and making informed decisions in a timely fashion, or in the same way or manner as others." ([#22] at p.2.) In the Application, Applicant challenges the validity of his guilty plea because: (1) he was not given sufficient time to make a reasonable decision; (2) he was confused and did not understand the terms of the plea agreement; (3) providency counsel coerced him into pleading guilty; (4) he repeatedly was told that he would die in prison if he did not take the plea; and (5) there was new evidence that he was innocent. Although Applicant's allegation of mental illness in his Traverse conceivably could relate to his

5

allegations in the Application that he did not have sufficient time to make a reasonable decision and that he was confused and did not understand the terms of the plea agreement, Applicant did not refer specifically in the Application to any mental illness in support of his claim challenging the validity of his guilty plea.

Because Respondents' express waiver of the exhaustion requirement predated the filing of the Traverse, the new allegation of mental illness raised in the Traverse is not subject to that waiver.  *See Gonzales*, 279 F.3d at 926 n.8.  Furthermore, the fact that Respondents' Answer was filed prior to Applicant's Traverse means that Respondents have not addressed specifically whether Applicant has exhausted state remedies with respect to the new allegation of mental illness raised in the Traverse. Nevertheless, I can raise exhaustion and procedural default issues sua sponte, *see United States v. Mitchell*, 518 F.3d 740, 746 & n.8 (10th Cir. 2008), and I find that it is appropriate to do so in this action with respect to Applicant's allegation of mental illness raised for the first time in his Traverse.  Therefore, to the extent Applicant seeks to rely upon his allegation of mental illness in support of his claim challenging the validity of his guilty plea, I must consider whether the allegation of mental illness was presented fairly to and exhausted in the state courts.

Based on my review of Applicant's opening brief on direct appeal [#16-1], I find that Applicant did not raise any issue regarding a mental illness in connection with his claim challenging the validity of his guilty plea.  He also did not challenge the validity of his guilty plea based on mental incapacity on appeal from the denial of his Rule 35(c) motion.  (*See* [#16-7].)  Therefore, I find that the new allegation of mental illness raised

by Applicant in his Traverse is not exhausted.

Although the new allegation of mental illness is not exhausted, I may not dismiss that allegation for failure to exhaust state remedies if Applicant no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. I find that Applicant no longer has an adequate and effective state remedy available to him because the Colorado Rules of Criminal Procedure bar Applicant from raising new allegations in a successive postconviction motion. *See* Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought"). Therefore, I find that Applicant's new allegation of mental illness asserted in support of his due process claim challenging the validity of his guilty plea is procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Applicant's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Applicant must show that some objective factor external to the defense impeded his ability to comply with the state's

procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [Applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted).

A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In order to demonstrate a fundamental miscarriage of justice, Applicant first must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Id*. Applicant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id*. at 327.

Applicant fails to demonstrate cause and prejudice for his procedural default or that a failure to consider his new allegation of mental illness will result in a fundamental miscarriage of justice. As a result, Applicant's new allegation of mental illness in support of his due process claim challenging the validity of his guilty plea is procedurally barred and need not be considered on the merits. However, based on Respondents' express waiver of the exhaustion requirement discussed above, I must address the merits of Applicant's due process claim challenging the validity of his guilty plea as that

claim is presented in the Application.

## IV.  STANDARD OF REVIEW

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  If a claim was not adjudicated on the merits in state court, and if the claim also is not procedurally barred, I must review the claim *de novo* and the deferential standards of § 2254(d) do not apply.  **See Gipson v. Jordan**, 376 F.3d 1193, 1196 (10th Cir. 2004).

## V.  MERITS OF THE CLAIM

As noted above, Applicant asserts in his remaining claim that his right to due process was violated because he was coerced into pleading guilty and that he was not allowed to withdraw his guilty plea.  To reiterate, Applicant alleges in the Application in support of this claim that he sought to withdraw his guilty plea because: (1) he was not given sufficient time to make a reasonable decision; (2) he was confused and did not understand the terms of the plea agreement; (3) providency counsel coerced him into pleading guilty; (4) he repeatedly was told that he would die in prison if he did not take the plea; and (5) there was new evidence that he was innocent.  Because there is no

indication that the Colorado state courts adjudicated the merits of Applicant's federal constitutional due process claim, I must review the claim *de novo* and the deferential standards of § 2254(d) do not apply. **See id**.

In order to withstand constitutional scrutiny,

> [A] criminal defendant's state court guilty plea must comport with due process. **Miles v. Dorsey**, 61 F.3d 1459, 1465-66 (10th Cir. 1995). Thus, the defendant must be competent to enter the plea and the plea must be knowing and voluntary. **Allen v. Mullin**, 368 F.3d 1220, 1238-39 (10th Cir. 2004) (discussing competency); **Cunningham v. Diesslin**, 92 F.3d 1054, 1060 (10th Cir. 1996) (discussing the knowing and voluntary requirement).
>
> In order to be competent to enter a guilty plea, a defendant must be able to consult with his attorney with a reasonable degree of rational understanding and must have "a rational as well as factual understanding of the proceedings against him." **Allen**, 368 F.3d at 1239 (internal quotation marks omitted). A plea is "knowing" if the defendant has "a full understanding of what the plea connotes and of its consequence." **Boykin v. Alabama**, 395 U.S. 238, 244, 89 S. Ct. 1709, 23 L. Ed.2d 274 (1969). In order to be "voluntary," a plea must be "the product of a deliberate, intelligent choice." **Cunningham**, 92 F.3d at 1060.

**Gonzales v. Tafoya**, 515 F.3d 1097, 1118 (10th Cir. 2008).

Although the state courts did not adjudicate the merits of Applicant's federal constitutional due process claim, the Colorado Court of Appeals did make factual findings that are relevant to my consideration and review of this claim.

> At the providency hearing, [Applicant] was fully advised about his rights, the elements of the offense, the potential penalties, and the terms of the plea agreement. [Applicant] indicated that he understood all aspects of the advisement and that he was prepared to go through with the agreement. [Applicant] also stated that he was satisfied with the assistance his attorney had provided, that no one had forced

10

>him to enter into this agreement, and that there was nothing
>further he needed to talk to his attorney about.

([#16-3] at pp.3-4.)

Applicant presents no evidence, let alone clear and convincing evidence, to rebut the presumption of correctness that attaches to these factual determinations. **See** 28 U.S.C. § 2254(e). In addition, the transcript of Applicant's providency hearing on October 4, 2004, confirms that these findings are correct. Applicant never indicated at the providency hearing that he needed more time to make a decision, that he was confused or did not understand the plea agreement, or that counsel coerced him into pleading guilty. Regarding Applicant's contention concerning new evidence showing he is innocent, Applicant fails to allege what that evidence might be or how it demonstrates he is innocent.

In light of these circumstances, I conclude that Applicant's guilty plea comported with due process. Applicant's bare allegations in the Application do not demonstrate that he was not competent to enter a plea or that his guilty plea was unknowing or involuntary. **See Gonzales**, 515 F.3d at 1118. "[D]eadlines, mental anguish, depression, and stress are inevitable hallmarks of pretrial plea discussions," **Miles v. Dorsey**, 61 F.3d 1459, 1470 (10th Cir. 1995), and, by themselves, do not establish that a guilty plea violates due process.

Finally, although Applicant's allegation of mental illness is procedurally barred for the reasons discussed above, I note briefly that the due process claim lacks merit even if I consider Applicant's conclusory allegation of mental illness in the Traverse. "'The presence of some degree of mental disorder in the defendant does not necessarily

11

mean that he is incompetent to knowingly and voluntarily enter a plea.'" *Id*. (quoting *Wolf v. United States*, 430 F.2d 443, 444 (10th Cir. 1970)).  It is Applicant's burden in a federal habeas corpus proceeding to demonstrate that he was incompetent to enter a guilty plea, *see id.*, and Applicant fails to make such a showing in this action. Therefore, for all of these reasons, the action will be dismissed.

## VI.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** [#2] filed on June 19, 2009, by Applicant Shawn M. Reeves is **DENIED**;

2.  That this case is **DISMISSED WITH PREJUDICE**; and

3.  That there is no basis on which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

Dated February 22, 2011, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge